**SO ORDERED.**

**SIGNED this 27 day of June, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| CYNTHIA NAVARRO & JESSE NAVARRO | 06-51007-C |
| *DEBTORS* | CHAPTER 13 |

### ORDER ON MOTION FOR EXIGENT CIRCUMSTANCES

CAME ON for consideration the foregoing matter. The debtor did not know that she needed to take a budget and credit counseling briefing before filing. The debtor is *pro se*. The debtor was unable to obtain counseling within the five day window before filing because she did not know that she needed to obtain counseling as a prerequisite to filing for bankruptcy.

The credit counseling briefing is superficially designed to discourage people from filing for bankruptcy on the theory that, if they but knew of the alternatives, they might pursue those instead. In practice, however, the briefing has little or no effect on the actual decision to file because, by that time, the person's financial condition has deteriorated too far for any alternative other than bankruptcy to be effective. The "briefing" called for by section 109(h)(1) does little more than make

the debtor aware of credit counseling as an alternative. But credit counselors attempt to negotiate a payment plan with the consent of the debtor's creditors, for a fee, and their success will depend on whether they can get all the creditors to cooperate – especially the mortgage and car creditors. The actual negotiation of an alternative thus requires a voluntary "standstill" by the creditors while an arrangement is worked out. In practice, that will not happen. *See* "Creditors' Role in Counseling Draws Critics" *New York Times* (Business/Financial Section, Oct. 14, 2005). What is more, the debtor may well actually be *discouraged* from filing when filing might be the *right* thing to do – by a credit counselor who is not a lawyer effectively giving the debtor legal advice. *See* Leslie Linfield, "Lightning Strikes Thrice: Emerging Issues in Bankruptcy Credit Counseling," 25 AM. BANKR. INST. J. 16 (Feb. 2006). The result is that the credit counseling briefing ends up being a useless formality.

It also operates as a trap for the unwary, potentially causing the dismissal of so-called "ineligible" debtors from bankruptcy. *See* "The Lost Day?: Exigent Circumstances and the Timing of Credit Counseling," 25 AM. BANKR. INST. J. 40 (April 2006). While certain private financial interests may be rewarded as a result, *see* RONALD J. MANN, CHARGING AHEAD: THE GROWTH AND REGULATION OF PAYMENT CARD MARKETS AROUND THE WORLD (Cambridge Press, 2006), no genuine public interest appears to be served.

Eligibility is not jurisdictional. *See Matter of Phillips*, 844 F.2d 230, 236 n. 2 (5th Cir. 1988). Thus, if no party raises the issue of eligibility, the case may proceeds without legal impediment. Section 109(h) simply adds another precondition for eligibility. Because it is not jurisdictional, the failure to meet that precondition does not *require* the dismissal of the case – unless someone were to timely object. The peculiar nature of this particular eligibility precondition is that it is entrusted

uniquely to the courts to monitor. The statute does not require that a waiver on grounds of exigent circumstances be obtained "on notice and hearing." Instead, it simpy requires the debtor to file a *certificate*, which the court is expected to then review for sufficiency *sua sponte*. *See* 11 U.S.C. §109(h)(3). If the debtor fails to file the requisite certificate, the clerk of court does not refuse to accept the petition for filing – indeed the clerk cannot. *See* FED.R.BANKR.P. 5005. If the debtor fails to file a motion for exigent circumstances, again, the clerk must still accept the petition for filing. *See id.* Of course, the clerk may bring any deficiencies in the filing to the attention of the debtor, so that a pleading can be filed promptly. And the clerk may bring such deficiencies directly to the attention of the court as well. The court *may* dismiss the case for any of these deficiencies, though it does not have to. *See* Bankr. L.R. 1007(e); *see also* Interim Rule 1007(b)(3) [adopted as a local rule on November 7, 2005].[1] If a certificate of exigent circumstances is filed, then it may be reviewed by the court *sua sponte*. The court may, but is not required, to set it for hearing. If the court finds the certificate of exigent circumstances to be satisfactory, then the issue of eligibility under section 109(h) is deemed resolved for all purposes, and the debtor is henceforth eligible for relief as a debtor under title 11, no further questions asked.

---

[1] The Interim Rule referenced is a draft rule currently under consideration by the Judicial Conference for adoption as part of the Federal Rules of Bankruptcy Procedure. The proposed Interim Rules were adopted as the local rules for this district, at the urging of the Fifth Circuit Judicial Council. Interim Rule 1007 makes filing the certificate under § 109(h), or the certification under § 109(h)(3), or the request for determination of hardship under § 109(h)(4) a condition to filing. The rule does not address the consequences of not complying with its requirements, and does not mandate dismissal of the case in the event of a faulty filing. That, rather, is left to the discretion of the court, which uses dismissal as a means of enforcing the filing requirements, and has done so traditionally for many years in this district. *See In re Hedquist*, 342 B.R. 295, 298 (Bankr. 8th Cir. BAP 2006) (describing the failure to meet the requirements of section 109(h) as a "fatal flaw" rendering the debtor "ineligible" for bankruptcy).

Section 707(a) permits (but does not require) the court to dismiss a case for failure to file the information required by section 521(a)(1), but the certificate of credit counseling briefing is not one of the documents required to be filed by section 521(a)(1). Section 707(a) thus does not provide a statutory basis for dismissal in the event the certificate (or certification of exigent circumstances) is not filed. *See In re Bass*, 2006 WL 1593978 (Bankr. W.D.Tenn. 2006).

Thus, while some courts have elected to dismiss cases that do not comply with Interim Rule 1007(b)(3) (including my colleague in this division), they do so apparently as a matter of judicial housekeeping, but not as a matter of statutory or rule compulsion.

The court finds that this debtor, a non-lawyer, was justified in not knowing about the credit counseling briefing requirement as a precondition to eligibility for bankruptcy.[2] That justifiable lack of knowledge, in turn, satisfies the court as an exigent circumstance. The court further finds that the debtor, as a matter of logic, could not have received a credit counseling briefing within the window set out in the statute if the debtor did not know that she needed to *get* the briefing within that window. As the Bankruptcy Appellate Panel for the Eighth Circuit commented, "[w]e think the fairest reading of the statute is that Congress wanted the court to exercise its discretion in making the determinations under subdivisions (i) and (ii) [of § 109(h)(3)(A)]." *In re Dixon*, 338 B.R. 383, 387 (Bankr. 8th Cir. BAP 2006). Exercising that discretion, this court finds that cause has been shown under section 109(h)(3). The debtor will file her certificate of credit counseling briefing (which her motion says she already obtained on June 7, 2006) forthwith. *See* 11 U.S.C. § 109(h)(3)(B).[3]

# # #

---

[2] The pleading submitted was handwritten. Many people do not have internet access. About half of all high school students think that newspapers have to have the government's permission to print what they print. *See Study Shows American Teenagers Indifferent to Freedoms*, Associated Press (Jan. 31, 2005), available at http://www.msnbc.com/id/6888837 (visited 06/23/2006). The court is not surprised that this debtor did not know of the much more arcane precondition imposed by Section 109(h) of the Bankruptcy Code, effective October 2005.

[3] The statute says that

> With respect to a debtor, an exemption under subparagraph (A) [excusing the debtor from having obtained a credit counseling briefing pre-petition due to exigent circumstances] shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1) [*i.e.*, obtain the requisite credit counseling briefing and file the certificate of completion with the court], but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

11 U.S.C. § 109(h)(3)(B).